IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KALU ORJI KALU, :
:
    Petitioner :
:
v. : CIVIL NO. 4:17-CV-506
:
CRAIG LOWE, ET AL., : (Judge Brann)
:
    Respondents :

## **MEMORANDUM**

MAY 3, 2017

**Background**

    Kalu Orji Kalu, a detainee of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") presently confined at the Pike County Prison, Lords Valley, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Warden Craig Lowe of the Pike County Prison has been deemed to be the sole Respondent. Service of the petition was previously ordered.

    It is initially noted that Petitioner has filed a motion requesting that attached, additional exhibits be considered in support of his request for federal habeas corpus relief. Kalu's motion (Doc. 6) will be granted and his additional supporting exhibits accepted.

Petitioner states that he is a native and citizen of Nigeria who entered the United States on or about February 18, 2003.[1]  See Doc. 1, ¶ 6.  He subsequently married a United States citizen.  While in this country, Kalu was convicted on March 1, 2010 in the United States District Court for the Eastern District of North Carolina of conspiracy to commit health care fraud, health care fraud, as well as aiding and abetting.  After completing service of his resulting federal criminal sentence, Petitioner was transferred into ICE custody on September 9, 2016.

 An immigration judge ordered Petitioner's removal from the United States on December 14, 2016.[2]  Petitioner appealed that decision to the Board of Immigration Appeals (BIA) which denied relief shortly after the filing of this action.  However, the record indicates that Petitioner has appealed that adverse decision to the United States Court of Appeals for the Third Circuit.   As such, Kalu is not yet subject to a final order of removal.   It is also noted that the Court of Appeals recently granted Petitioner's request for a stay of removal.

Petitioner's pending action indicates that he has been detained by ICE for a period of over six (6) months.  Kalu's petition challenges his indefinite mandatory detention pending removal.   As relief, Petitioner seeks an individualized bond

---

[1]   The record indicates that on October 24, 2007 Petitioner's status was adjusted to lawful permanent resident.  See Doc. 1-1, p. 3.

[2]   There was a lengthy history of immigration proceedings which preceded that decision.

hearing.  See Doc. 1, ¶ 37.

Respondent's response to the petition concludes that "[i]f the court determines that a discretionary bond hearing is warranted under the facts and circumstances of this case, respondents will coordinate with the Immigration Court to schedule a bond hearing before an immigration judges as expeditiously as possible."  Doc. 7, p. 7.  For the reasons set forth below, the Court will grant the petition and order that an immigration judge conduct an individualized bond hearing within thirty (30) days.

**Discussion**

Petitioner contends that he has been detained for an unreasonable amount of time while his removal proceedings are ongoing in violation of the Due Process Clause of the Fifth Amendment and Demore v. Kim, 538 U.S. 510, 531 (2003).  Section 1226(c) clearly requires that, prior to a final removal order, an alien may be detained without being afforded a bond hearing.  However, this "mandatory detention" provision is not without limits.

In Demore, the United States Supreme Court concluded that "[d]etention during removal proceedings is a constitutionally permissible part of [the deportation] process."  Id. at 531.  The United States Court of Appeals for the Third Circuit has interpreted Demore and "conclude[d] that [§1226(c)] implicitly

authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." Diop v. ICE/Homeland Sec., 656 F.3d 221, 231 (3d Cir. 2011). Where detention has become unreasonable, "the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." Id. at 233. A determination as to whether an individual's detention is no longer reasonable in length is "a fact-dependent inquiry that will vary depending on individual circumstances." Id.; see also Leslie v. Attorney Gen. of U.S., 678 F.3d 265, 269 (3d Cir. 2012). Such an inquiry must account for delay caused by errors necessitating appeal, as well as any continuances or delays favorable to the detainee. Diop, 656 F.3d at 233-34. While declining to establish a bright-line rule for the length of time that would constitute an unreasonable detention, the Third Circuit noted that "detention under §1226 lasts roughly a month and a half in the majority of cases in which it is invoked, and about five months in the minority of cases in which an alien chooses to appeal," id., and as a result, "the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention

continues past those thresholds." Id. at 234.

The Third Circuit, in Chavez-Alvarez v. Warden York Cty. Prison, 783 F.3d 469, 477 (3d Cir. 2015) characterized the fact-dependent inquiry described in Diop as a balancing test. It noted that the reasonableness of government conduct and merit of the petitioner's challenges are not dispositive standing alone, and are only relevant when "weigh[ing] the various aspects of [the] case to determine whether, and when, a tipping point has been reached on the reasonableness of [the] detention." Id.

Courts should not find that delay caused by a detainee's challenges precludes a finding of unreasonable detention because such a finding essentially constitutes punishment for pursuing applicable legal remedies. Id. at 475 (citing Leslie, 678 F.3d at 265). However, under narrow circumstances, when a petitioner acts in bad faith to delay or stall the proceeding, this tactic may preclude a finding of unreasonable detention.³ Chavez-Alvarez, 783 F.3d at 476. In Chavez-Alvarez, our Court of Appeals found that "beginning sometime after the six-month timeframe considered by Demore, and certainly by the time Chavez-Alvarez had been detained for one year, the burdens to Chavez-Alvarez's liberties outweighed

---

³ Bad faith exists when a petitioner challenges aspects of the government's case that do not present bona fide or real issues, or are simply frivolous or meritless arguments. Id.

5

any justification for using presumptions to detain him without bond to further the goals of the statute." Id. at 478. Respondent recognizes that based upon Chavez-Alvarez, Kalu may be entitled to an individualized bond hearing based upon the duration of his ongoing ICE detention. This Court agrees and also notes that deference is owed to the decision-making agency to oversee matters within its jurisdiction. See, e.g., Gourzong v. Lowe, No. 3:15-CV-1969, 2016 WL 109851, at *2 (M.D. Pa. Jan. 11, 2016)(Mariani, J.). Since the Respondent does not oppose Petitioner's pending request and because the immigration court has the expertise, familiarity, and authority to exercise jurisdiction over bond hearings such as those contemplated under Chavez-Alvarez, the Court orders that an immigration judge conduct an individualized bond hearing for the Petitioner within thirty (30) days of the date of this Memorandum.

**Conclusion**

Pursuant to the above discussion, Petitioner is entitled to a bond hearing before an immigration judge. Therefore, the Court will grant the instant petition for writ of habeas corpus, and order that Petitioner be provided an individualized bond hearing within thirty (30) days of this decision.

An appropriate Order follows.[4]

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[4] In light of the Court's disposition herein, Petitioner's motion to expedite (Doc. 3) will be dismissed as moot.